[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 2, 1997
This is an action brought by a landlord against a former tenant to collect from the defendant unpaid rent that is allegedly due and, in addition, reimbursement for damages that the plaintiff landlord claims that the defendant tenant inflicted upon the premises.
The defendant, filed an responsive pleading denying the allegations of the complaint and by way of counter claim seeks damages for repairing and improving said property which services were rendered over and above the amount claimed by the plaintiff in the complaint.
The background of this matter concerns an oral lease between the parties which began in May 1988 pursuant to which the defendant entered the premises on July 17, 1988. The dealings between the parties were all oral and rather loose and disjointed, but apparently as a result of the preliminary talks the defendant did perform some services of an repair nature on the premises prior to the time that he moved in. The court finds that although the nature and extent of these services is unclear, the plaintiff did forgive the first three month's rent.
The plaintiff claims that the defendant did not pay rent from after October 1, 1993 up to the time he vacated the premises pursuant to an eviction in August, 1994. Any payments made between the parties were in cash and there is no evidence that any receipts were ever given or received therefor. The evidence is conflicting in connection with this claim, but the better and weightier evidence convinces the court that the plaintiff is entitled to recover for unpaid rent for the months of February, March, April, May, June, July and August of 1994 in the amount of $4,725.00.
The plaintiff made numerous complaints and offered testimony in an attempt to prove that the defendant damaged the leasehold premises. Again the evidence is most conflicted in connection with these claims and when and by whom any damage was done to the premises. The court concludes that the plaintiff has failed to sustain her burden of proof that the defendant damaged the premises as alleged in the complaint and accordingly judgment is rendered in favor of the defendant because the evidence fails to CT Page 7699 establish any basis for the plaintiff's recovery on this claim.
In addition the defendant was not licensed as a home improvement contractor and at the time he performed any service that he did on the premises there was no written contract and thus he would come under the provisions of the Home Improvement Contract Statute and he would be barred from recovering therefore.
Accordingly, judgment is rendered in favor of the plaintiff against the defendant in the amount of $4,725.00 for unpaid back rent on this complaint, and on the counter-claim.
HIGGINS, J.